JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 15-00778-CJC(JCGx)                               Date: May 26, 2015

Title: COLLEGE TRUST #7561, SOUTHLAND HOMES REAL ESTATE & INVESTMENT, LLC V. JULIETA G. CORTEZ WOODARD, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Dwayne Roberts                                     N/A
Deputy Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 14, 2015, Plaintiff College Trust #7561, Southland Homes Real Estate and Investment, LLC, as Trustee ("Plaintiff"), filed an unlawful detainer action in Orange County Superior Court against Defendant Julieta G. Cortez Woodard. (Dkt. No. 1 ["Notice of Removal"], Exh. A ["Compl."].) Although not named as a defendant in the Complaint, David Roldan, appearing *pro se*, removed the case to this Court on May 19, 2015 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal.) Specifically, Mr. Roldan points to his Answer to the Complaint, in which he raises Plaintiff's failure to provide proper notice to vacate, in violation of 12 U.S.C. § 5220. (Notice of Removal ¶¶ 8–9.) Mr. Roldan concludes that "[f]ederal question jurisdiction exists because [his] demurrer . . . depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal ¶ 9.)

The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-00778-CJC(JCGx)            Date: May 26, 2015
                                                                                Page 2

---

must dismiss the action."). District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" federal law where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). The well-pleaded complaint rule ensures that the plaintiff is the master of her claim by finding jurisdiction "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the plaintiff may avoid federal question jurisdiction through exclusive reliance on state law. *Id.*

       As a preliminary matter, the Court notes that Mr. Roland has not explained his interest in the case and whether he is a proper removing party. *See Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (explaining that only defendants may remove). Assuming *arguendo* that Mr. Roland has the right to remove, he has not met his burden in establishing that this Court has subject matter jurisdiction over this action. Mr. Roland, in direct contravention to the well-established principle that the federal question must appear on the face of the complaint, contends that a federal question arises in connection with his defense. *See Caterpillar*, 482 U.S. at 399. The defendant, however, "cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law." *Id.* Nor does Mr. Roland point to anything in the Complaint as furnishing a basis for subject matter jurisdiction. Because the removal was improper, the Court *sua sponte* **REMANDS** the action.

ssh

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk dr